UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PEABODY ENERGY CORPORATION,

Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY.

Respondent.

Case No. 17-1035

## PETITION FOR REVIEW

Pursuant to section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), and Rule 15(a) of the Federal Rules of Appellate Procedure, Peabody Energy Corporation hereby petitions the Court for review of the final action of Respondent United States Environmental Protection Agency ("EPA"): "Denial of Reconsideration and Administrative Stay of the Emission Guidelines for Greenhouse Gas Emissions and Compliance Timelines for Electric Utility Generating Units." EPA's final action was published in the *Federal Register* at 82 Fed. Reg. 4864 on January 17, 2017. This Petition is timely filed within sixty days of that publication as required by section 307(b)(1). A copy of the challenged final action is provided as Attachment A.

Date: February 2, 2017

Respectfully submitted,

Tristan L. Duncan
Thomas J. Grever
SHOOK, HARDY & BACON L.L.P.
2555 GRAND BOULEVARD
KANSAS CITY, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
tlduncan@shb.com
tgrever@shb.com

Jonathan S. Massey
MASSEY & GAIL, LLP
1325 G STREET, N.W., SUITE 500
WASHINGTON, D.C. 20005
Tel: (202) 652-4511
Fax: (312) 379-0467
jmassey@masseygail.com

**Counsel for Petitioner
Peabody Energy Corporation**

### CERTIFICATE OF SERVICE

Pursuant to agreement with counsel for Respondent United States Environmental Protection Agency, I hereby certify that I have caused to be delivered by email on February 2, 2017, in lieu of mail or hand service, a copy of the foregoing Petition for Review and accompanying documents, to the following:

For DOJ:
Eric Hostetler: eric.hostetler@usdoj.gov
Norman Rave: norman.rave@usdoj.gov

For EPA:
Scott Jordan: Jordan.scott@epa.gov
Howard Hoffman: Hoffman.howard@epa.gov

Thomas J. Grever

# ATTACHMENT A

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PEABODY ENERGY CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY.<br><br>Respondent. | Case No.17 - |

## RULE 26.1 DISCLOSURE STATEMENT OF PETITIONER PEABODY ENERGY CORPORATION

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Peabody Energy Corporation ("Peabody") provides the following disclosure:

Peabody is a publicly-traded company. Peabody has no parent company and no publicly-traded company owns more than 10% of Peabody's stock.

Date: February 2, 2017

Respectfully submitted,

Tristan L. Duncan
Thomas J. Grever
SHOOK, HARDY & BACON L.L.P.
2555 GRAND BOULEVARD
KANSAS CITY, MO 64108
Tel: (816) 474-6550; Fax: (816) 421-5547
tlduncan@shb.com, tgreve@shb.com

Jonathan S. Massey
MASSEY & GAIL, LLP
1325 G STREET, N.W., SUITE 500
WASHINGTON, D.C. 20005
Tel: (202) 652-4511; Fax: (312) 379-0467
jmassey@masseygail.com

**Counsel for Petitioner
Peabody Energy Corporation**

Dated: January 10, 2017.

**A.M. Nichols,**
*Lieutenant Commander, Judge Advocate General's Corps, U.S. Navy, Federal Register Liaison Officer.*

[FR Doc. 2017–00812 Filed 1–13–17; 8:45 am]

**BILLING CODE 3810–FF–P**

## DEPARTMENT OF DEFENSE

### Department of the Navy

### Notice of Availability of Government-Owned Inventions; Available for Licensing

**AGENCY:** Department of the Navy, DoD.

**ACTION:** Notice.

**SUMMARY:** The inventions listed below are assigned to the United States Government, as represented by the Secretary of the Navy and are available for domestic and foreign licensing by the Department of the Navy.

The following patents are available for licensing: Patent No. 9,536,620 (Navy Case No. 200321): METHOD AND SYSTEM FOR IMPROVING THE RADIATION TOLERANCE OF FLOATING GATE MEMORIES// and Patent No. 9,535,562 (Navy Case No. 101979): COGNITIVE LOAD REDUCTION AND FIELD OF VIEW ENHANCING STANDARDIZED GRAPHICAL USER INTERFACE (GUI) OVERLAY GENERATING SYSTEM OR SYSTEMS THAT INCLUDE ELEMENTS THAT CORRELATE VARIOUS DEVICE, EVENT, OR OPERATION INPUTS WITH COMMON GUI OVERLAY GENERATION MODULES AND GROUP RELATED GUI ELEMENTS ACROSS OVERLAYS ALONG WITH ASSOCIATED METHODS.

**ADDRESSES:** Requests for copies of the patents cited should be directed to Naval Surface Warfare Center, Crane Div, Code OOL, Bldg 2, 300 Highway 361, Crane, IN 47522–5001.

**FOR FURTHER INFORMATION CONTACT:** Mr. Christopher Monsey, Naval Surface Warfare Center, Crane Div, Code OOL, Bldg 2, 300 Highway 361, Crane, IN 47522–5001, Email *Christopher.Monsey@navy.mil.*

Authority: 35 U.S.C. 207, 37 CFR part 404.

Dated: January 10, 2017.

**A.M. Nichols,**
*Lieutenant Commander, Judge Advocate General's Corps, U.S. Navy, Federal Register Liaison Officer.*

[FR Doc. 2017–00813 Filed 1–13–17; 8:45 am]

**BILLING CODE 3810–FF–P**

## DEPARTMENT OF ENERGY

### Nuclear Energy Advisory Committee

**AGENCY:** Office of Nuclear Energy, Department of Energy.

**ACTION:** Notice of open meeting.

**SUMMARY:** This notice announces a meeting of the Nuclear Energy Advisory Committee (NEAC). Federal Advisory Committee Act (Pub. L. 94–463, 86 Stat. 770) requires that public notice of these meetings be announced in the **Federal Register**.

**DATE:** Thursday, February 16, 2017.

**TIME:** 4:00 p.m.–5:00 p.m. (EST).

**ADDRESSES:** The public teleconference will be held by teleconference only. The teleconference number is: (267) 930–4000; participation code: 580–520–181.

**FOR FURTHER INFORMATION CONTACT:** Bob Rova, Designated Federal Officer, U.S. Department of Energy, 19901 Germantown Rd, Germantown, MD 20874; telephone (301) 903–9096; email *robert.rova@nuclear.energy.gov.*

**SUPPLEMENTARY INFORMATION:**

*Background:* The Nuclear Energy Advisory Committee (NEAC), formerly the Nuclear Energy Research Advisory Committee (NERAC), was established in 1998 by the U.S. Department of Energy (DOE) to provide advice on complex scientific, technical, and policy issues that arise in the planning, managing, and implementation of DOE's civilian nuclear energy research programs. The committee is composed of 19 individuals of diverse backgrounds selected for their technical expertise and experience, established records of distinguished professional service, and their knowledge of issues that pertain to nuclear energy.

*Purpose of the Meeting:* Discussion and approval of the NEAC report "Assessment of Missions and Requirements for a New U.S. Test Reactor".

*Tentative Agenda:* Discussion and approval of report.

*Public Participation:* Individuals and representatives of organizations are invited to listen to the meeting on February, 16, 2017. The draft report is posted on NEAC's Web site: *https://energy.gov/ne/services/nuclear-energy-advisory-committee.* Comments on the report can be sent to: *NEAC@nuclear.energy.gov.* Comments are due by Tuesday, January 31, 2017.

*Minutes:* The minutes of the meeting will be available by contacting Mr. Rova at the address above or on the Department of Energy, Office of Nuclear Energy Web site at *http://energy.gov/ne/services/nuclear-energy-advisory-committee.*

Issued in Washington, DC, on January 11, 2017.

**LaTanya R. Butler,**
*Deputy Committee Management Officer.*

[FR Doc. 2017–00865 Filed 1–13–17; 8:45 am]

**BILLING CODE 6450–01–P**

## ENVIRONMENTAL PROTECTION AGENCY

[EPA–HQ–OAR–2013–0602; FRL–9958–45–OAR]

### Denial of Reconsideration and Administrative Stay of the Emission Guidelines for Greenhouse Gas Emissions and Compliance Times for Electric Utility Generating Units

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice of final action denying petitions for reconsideration and petitions for administrative stay.

**SUMMARY:** The U.S. Environmental Protection Agency (EPA) received 38 petitions for reconsideration of the final Carbon Pollution Emission Guidelines for Existing Stationary Sources: Electric Utility Generating Units, published in the **Federal Register** on October 23, 2015. The agency is providing notice that it denied the petitions for reconsideration except to the extent they raise topics concerning biomass and waste-to-energy, and it is deferring action on the petitions to the extent they raised those topics. The EPA also received 22 petitions for an administrative stay of this rule. The agency is providing notice that it denied these petitions. The basis for the EPA's actions is set out fully in letters sent to the petitioners and a separate memorandum available in the rulemaking docket.

**DATES:** The EPA took final action to deny the petitions for reconsideration except to the extent they raised certain topics, and to deny petitions for an administrative stay, on January 11, 2017.

**FOR FURTHER INFORMATION CONTACT:** Joseph Goffman, Office of Air and Radiation (6101A), U.S. EPA, 1200 Pennsylvania Avenue NW., Washington, DC 20460; telephone number (202)564–7400, facsimile number (202) 564–1408; email address: *CarbonPollutionInput@epa.gov.*

**SUPPLEMENTARY INFORMATION:**

**I. Where can I get a copy of this document and other related information?**

A copy of this **Federal Register** notice, the petitions for reconsideration,

the petitions for an administrative stay, the letters taking action on those petitions, and the separate memorandum describing the full basis for those actions will be available in the rulemaking docket (Docket ID EPA–HQ–OAR–2013–0602). In addition, following signature, an electronic copy of these documents will be available on the World Wide Web (WWW) at the following address: *https://www.epa.gov/cleanpowerplan*.

## II. Judicial Review

Section 307(b)(1) of the Clean Air Act (CAA) specifies which Federal Courts of Appeal have venue over petitions for review of final EPA actions. This section provides, in part, that "a petition for review of action of the Administrator in promulgating . . . any standard of performance or requirement under section [111] of [the CAA]," or any other "nationally applicable" final action, "may be filed only in the United States Court of Appeals for the District of Columbia."

The EPA has determined that its actions denying the petitions for reconsideration or for an administrative stay are nationally applicable for purposes of CAA section 307(b)(1) because the action directly affects the Emission Guidelines for Greenhouse Gas Emissions and Compliance Times for Electric Utility Generating Units, which are nationally applicable CAA section 111 standards. Thus, any petitions for review of the EPA's decision to deny petitioners' requests for reconsideration or for an administrative stay must be filed in the United States Court of Appeals for the District of Columbia by March 20, 2017.

## III. Background and Summary of the Action

On October 23, 2015, pursuant to section 111 of the CAA, the EPA published the final rule titled "Carbon Pollution Emission Guidelines for Existing Stationary Sources: Electric Utility Generating Units." 80 FR 64661. Following promulgation of the final emission guidelines, the Administrator received petitions for reconsideration of certain provisions of the final rule pursuant to CAA section 307(d)(7)(B) and petitions for an administrative stay under the Administrative Procedure Act (APA), 5 U.S.C. 705 and CAA section 307(d)(7)(B).

CAA section 307(d)(7)(B) requires the EPA to convene a proceeding for reconsideration of a rule if a party raising an objection to the rule "can demonstrate to the Administrator that it was impracticable to raise such objection within [the public comment period] or if the grounds for such objection arose after the period for public comment (but within the time specified for judicial review) and if such objection is of central relevance to the outcome of the rule." The requirement to convene a proceeding to reconsider a rule is thus based on the petitioner demonstrating to the EPA both: (1) That it was impracticable to raise the objection during the comment period, or that the grounds for such objection arose after the comment period, but within the time specified for judicial review (*i.e.*, within 60 days after publication of the final rulemaking notice in the **Federal Register**, see CAA section 307(b)(1)); and (2) that the objection is of central relevance to the outcome of the rule.

The EPA received 38 petitions for reconsideration of the CAA section 111(d) greenhouse gas emission guidelines from the following entities: Alabama Department of Environmental Management (DEM); Ameren Corporation (Ameren); American Electric Power System (AEP); Arkansas Office of the Attorney General (Arkansas); Basin Electric Power Cooperative (Basin); Biogenic $CO_2$ Coalition; Biomass Power Association (BPA), the Energy Recovery Council (ERC) and the Local Government Coalition for Renewable Energy (LGCRE); Commonwealth of Kentucky (Kentucky); Dairyland Power Cooperative, Madison Gas and Electric Company, We Energies, Wisconsin Power and Light Company, Wisconsin Public Service Corporation, and WPPI Energy (Wisconsin utilities); Denbury Onshore, LLC (Denbury); Energy and Environment Legal Institute; ERC; Entergy; Hoosier Energy Rural Electric Cooperative, Eastern Kentucky Power Cooperative, and Minnkota Power Cooperative; Intermountain Power Agency; Kansas Department of Health and Environment (DHE); LGCRE; Louisville Gas & Electric Company (LG&E) and Kentucky Utilities Company (KU); Mississippi Department of Environmental Quality (DEQ); Mississippi Public Service Commission (PSC); National Alliance of Forest Owners (NAFO); National Association of Home Builders; National Rural Electric Cooperative Association (NRECA); Newmont Nevada Energy Investment LLC and Newmont USA Limited (Newmont); NorthWestern Energy; Oglethorpe Power Corporation (Oglethorpe); Prairie State Generating Company, LLC (Prairie State); Southern Company; State of Montana Office of the Attorney General (Montana); State of Nebraska Office of the Attorney General and Nebraska Department of Environmental Quality (Nebraska); State of New Jersey Department of Environmental Protection (DEP); State of North Dakota Office of the Attorney General (North Dakota); State of Texas Office of the Attorney General, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and the Railroad Commission of Texas (Texas); State of West Virginia Office of the Attorney General (West Virginia); State of Wisconsin, Wisconsin Department of Natural Resources, and Public Service Commission of Wisconsin (Wisconsin); State of Wyoming (Wyoming); Utility Air Regulatory Group (UARG); and Westar Energy Incorporated (Westar Energy).

In letters to petitioners, the EPA denied 31 of the petitions for reconsideration in full, and denied Kentucky's and Oglethorpe's petition for reconsideration except to the extent they raised the topic of biomass, as not satisfying one or both of the statutory conditions for compelled reconsideration. The EPA is deferring action on the petitions to the extent they cover the topics of biomass and waste-to-energy.[1] The EPA is deferring with respect to biomass pending our further on-going consideration of the underlying issue of whether and how to account for biomass when co-firing with fossil fuels.

We discuss each of the topics in the petitions we denied and the basis for those denials in a separate, docketed memorandum titled "Basis for Denial of Petitions to Reconsider and Petitions to Stay the CAA Section 111(d) Emission Guidelines for Greenhouse Gas Emissions and Compliance Times for Electric Utility Generating Units." For reasons set out in the memorandum, the EPA denied the petitions for reconsideration for the following petitioners: Alabama DEM; Ameren; AEP; Arkansas; Basin; Kentucky [2]; Wisconsin utilities; Denbury; Energy and Environment Legal Institute; Entergy; Hoosier Energy Rural Electric Cooperative, Eastern Kentucky Power Cooperative, and Minnkota Power Cooperative; Intermountain Power Agency; Kansas DHE; LG&E and KU; Mississippi DEQ; Mississippi PSC; National Association of Home Builders; NRECA; Newmont; NorthWestern Energy; Oglethorpe; Prairie State; Southern Company; Montana; Nebraska;

---

[1] These topics were included in the petitions of the Biogenic $CO_2$ Coalition, Biomass Power Association, Kentucky, ERC, LGCRE, Oglethorpe, and NAFO.

[2] As noted, the EPA is deferring action on Kentucky's and Oglethorpe's petitions to the extent they raise the topic of biomass.

New Jersey DEP; North Dakota; Texas; West Virginia; Wisconsin; Wyoming; UARG; and Westar Energy.

APA section 705 provides, "When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review." 5 U.S.C. 705. Under CAA section 307(d)(7)(B), the EPA may stay the effectiveness of a rule while it is being reconsidered "for a period not to exceed three months."

The EPA received 22 petitions for an administrative stay under APA section 705 and CAA section 307(d)(7)(B).

The EPA received petitions from West Virginia and a group of 15 other states; Ameren; Basin; Business Associations; Denbury; Kansas DHE; Mississippi DEQ; Mississippi PSC; Montana; NAFO; National Mining Association; Nebraska; New Jersey DEP; North Dakota; NorthWestern Energy; Peabody Energy Corporation; Prairie State; Texas; UARG; and Westar Energy.

The EPA responded to several of these petitions by letters stating that we were not taking action on them in light of the stay imposed on the rule by the U.S. Supreme Court on February 7, 2016. Subsequently, the EPA sent letters to all the petitioners denying each of these petitions for the reasons explained in the memorandum referred to above, "Basis for Denial of Petitions to Reconsider and Petitions to Stay the CAA Section 111(d) Emission Guidelines for Greenhouse Gas Emissions and Compliance Times for Electric Utility Generating Units."

Dated: January 11, 2017.

**Gina McCarthy,**

*Administrator.*

[FR Doc. 2017–00941 Filed 1–13–17; 8:45 am]

**BILLING CODE 6560–50–P**

## ENVIRONMENTAL PROTECTION AGENCY

**[EPA–HQ–OGC–2016–0719; FRL–9958–39–OGC]**

### Proposed Consent Decree, Clean Air Act Citizen Suit

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice of proposed consent decree; request for public comment.

**SUMMARY:** In accordance with section 113(g) of the Clean Air Act, as amended ("CAA" or the "Act"), notice is hereby given of a proposed consent decree to address a lawsuit filed by the Center for Biological Diversity and the Center for Environmental Health (collectively "Plaintiffs") in the United States District Court for the Northern District of California: *Center for Biological Diversity, et al.* v. *McCarthy,* No. 3:16–cv–03796–VC (N.D. Cal.). On July 7, 2016, Plaintiffs filed a complaint in this lawsuit alleging that Gina McCarthy, in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), failed to perform nondiscretionary duties under the CAA to complete periodic reviews of the air quality criteria and the primary National Ambient Air Quality Standards ("NAAQS") for sulfur oxides ("$SO_X$") and the primary NAAQS for oxides of nitrogen ("$NO_X$"), to make such revisions to those air quality criteria and NAAQS as may be appropriate, and to promulgate such new NAAQS as may be appropriate. The proposed consent decree would establish deadlines for EPA to take certain, specified actions.

**DATES:** Written comments on the proposed consent decree must be received by February 16, 2017.

**ADDRESSES:** Submit your comments, identified by Docket ID number EPA–HQ–OGC–2016–0719, online at *www.regulations.gov.* Once submitted, comments cannot be edited or removed from *Regulations.gov.* The EPA may publish any comment received to its public docket. Do not submit electronically any information you consider to be Confidential Business Information (CBI) or other information whose disclosure is restricted by statute. Multimedia submissions (audio, video, etc.) must be accompanied by a written comment. The written comment is considered the official comment and should include discussion of all points you wish to make. The EPA will generally not consider comments or comment contents located outside of the primary submission (*i.e.* on the web, cloud, or other file sharing system). If you would like to submit a comment using a different submission method, please contact the person listed in the **FOR FURTHER INFORMATION CONTACT** section. For the full EPA public comment policy, information about CBI or multimedia submissions, and general guidance on making effective comments, please visit *http://www2.epa.gov/dockets/commenting-epa-dockets.*

**FOR FURTHER INFORMATION CONTACT:** Melina Williams, Air and Radiation Law Office (2344A), Office of General Counsel, U.S. Environmental Protection Agency, 1200 Pennsylvania Ave. NW., Washington, DC 20460; telephone: (202) 564–3406; fax number: (202) 564–5603; email address: *williams.melina@epa.gov.*

**SUPPLEMENTARY INFORMATION:**

### I. Additional Information About the Proposed Consent Decree

Under section 109(d) of the CAA, EPA is required to periodically review air quality criteria and NAAQS and to make such revisions as may be appropriate. The proposed consent decree addresses a lawsuit filed by Plaintiffs alleging that EPA failed to timely complete certain periodic reviews for $NO_X$ and $SO_X$ by the deadline set forth in the CAA. The proposed consent decree would establish deadlines for EPA to take certain, specified actions in the periodic reviews, and if appropriate, revisions of the air quality criteria addressing human health effects of $SO_X$, and the primary NAAQS for $NO_X$ and $SO_X$. Under the terms of the proposed consent decree, EPA would: (1) Sign a notice setting forth its proposed decision concerning its review of the primary NAAQS for $NO_X$ no later than July 14, 2017; (2) sign a notice setting forth its final decision concerning its review of the primary NAAQS for $NO_X$ no later than April 6, 2018; (3) issue a final Integrated Science Assessment (a document containing air quality criteria) addressing human health effects of $SO_X$ no later than December 14, 2017; (4) sign a notice setting forth its proposed decision concerning its review of the primary NAAQS for $SO_X$ no later than May 25, 2018; and (5) sign a notice setting forth its final decision concerning its review of the primary NAAQS for $SO_X$ no later than January 28, 2019. See the proposed consent decree for additional details.

For a period of thirty (30) days following the date of publication of this notice, the Agency will accept written comments relating to the proposed consent decree from persons who were not named as parties or intervenors to the litigation in question. EPA or the Department of Justice may withdraw or withhold consent to the proposed consent decree if the comments disclose facts or considerations that indicate that such consent is inappropriate, improper, inadequate, or inconsistent with the requirements of the Act. Unless EPA or the Department of Justice determines that consent to this consent decree should be withdrawn, the terms of the decree will be affirmed.

### II. Additional Information About Commenting on the Proposed Consent Decree

*A. How can I get a copy of the proposed consent decree?*

The official public docket for this action (identified by Docket ID No.